UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ADELIA B. LONG and DONNA C.
HOLLAND,

     Plaintiffs,

v.                                            Case No.  6:12-cv-1783-ORL-37TBS

MERRITT TOWERS CONDOMINIUM
ASSN., INC., BOB DARIA, B.P. DAVIS
PROPERTY MANAGEMENT, INC., and
MARGARET DAVIS,

     Defendants.

_____/

ORDER

     Plaintiffs bring this action for relief under the Fair Housing Act, 42 U.S.C. §

3601 et seq. and the Florida Fair Housing Act, § 760.20 Florida Statutes.  (Doc. 1).

Defendants have moved the Court to dismiss Plaintiffs' Complaint pursuant to

Fed.R.Civ.P. 12(b).  (Doc. 8).  Plaintiffs have filed a response to the motion and the

Court has scheduled the matter for hearing on March 5, 2013.  (Docs. 12,17).

Attached and incorporated into Plaintiff's response is a paper titled "Stipulation with

Respect to Non-Monetary Condition of Settlement.  (Doc. 12-1).  Paragraph 4 of the

Stipulation states: "This stipulation is for settlement purposes only with respect to the

above-referenced action and is therefore privileged and cannot be used as evidence

against Defendants in this action."  (Id.)  It does not appear from a review of the record

that Plaintiffs have agreed to or executed the Stipulation.

     Pending before the Court is Defendants' Motion to Strike Exhibit "A" to

Plaintiffs' Response to Defendants' Motion to Dismiss (Doc. 13).  This motion asks the

Court to strike the Stipulation on the grounds that it is not relevant to Defendants'

motion to dismiss because it is not contained within the four corners of the Complaint

and because it is a privileged communication under Fed.R.Evid. 408(a).  (Id.)

Plaintiffs have filed a response in which they argue that the Court can consider the

Stipulation because Defendants are making a factual attack on the Court's subject

matter jurisdiction pursuant to Fed.R.Civ. P. 12(b)(1) and because the Stipulation is

not a settlement communication.  (Doc. 16).

        Defendants fail to state in their motion to dismiss, whether they are proceeding

under Rule 12(b)(1) or Rule 12(b)(6).  Consequently, the Court must determine which

Rule Defendants are proceeding under.  Defendant's argument that the Stipulation is

not relevant because it is not part of Plaintiffs' Complaint is a good indication that

Defendants are not making a factual attack under Rule 12(b)(1).  Defendants make

three arguments in their motion to dismiss: (1) that Plaintiffs do not have standing; (2)

the Complaint fails to state a cause of action; and (3) the averments of the Complaint

are insufficient to state a claim for punitive damages.  (Doc. 8).

        Article III limits the jurisdiction of federal courts to actual cases and

controversies.  U.S. const. Art. 3, § 2.  Whether a plaintiff has standing is a threshold

issue that "determine[s] the power of the court to entertain the suit."  Warth v. Seldin,

422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).  It follows that if Plaintiffs

lack standing to sue, then the Court does not have subject matter jurisdiction.

        A motion to dismiss under Fed.R.Civ.P. 12(b)(1) challenges the Court's subject

matter jurisdiction.  These attacks come in two forms, facial and factual.  Menchaca v.

Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir.), cert. denied, 449 U.S. 953, 101

S.Ct. 358, 66 L.Ed.2d 217 (1980) (citing Mortensen v. First Fed. Sav. & Loan Ass'n,

549 F.2d 884, 891 (3d Cir.1977)).  "Facial attacks" on the complaint "require[ ] the

court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject

matter jurisdiction, and the allegations in his complaint are taken as true for the

purposes of the motion."  Id.  "Factual attacks," on the other hand, challenge "the

existence of subject matter jurisdiction in fact, irrespective of the pleadings, and

matters outside the pleadings, such as testimony and affidavits, are considered."  Id.

When a defendant makes a facial attack, the Court considers the allegations in the

complaint to be true.  Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir.), cert. denied,

454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981).  But, when the defendant makes

a factual attack, the averments in the complaint are simply evidence which the Court

considers allowing with other evidence to decide whether it has the power to hear the

case.  Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir.1990).

When a party makes a factual attack, it presents evidence in the form of

testimony, affidavits, and other matters outside the pleadings.  Cramer v. John Alden

Life Ins. Co., 763 F.Supp.2d 1196, 1203 (D. Mont. 2011) (movant "converted the

motion to dismiss into a factual motion by presenting affidavits or other evidence

properly brought before the court") (quoting Safe Air for Everyone v. Meyer, 373 F.3d

1036, 1309 (9th Cir. 2004)); Occidental Chemical Corp. v. Louisiana Public Service

Comm., 494 F.Supp.2d 401, 405 (M.D. La. 2007) ("In the case at bar, the defendants'

12(b)(1) motions are 'facial' attacks because the motions attack jurisdiction on the

basis of the pleadings alone, and not be resorting to supporting evidence."); <u>Wein v. St. Lucie Co., Fla.</u>, 461 F.Supp.2d 1261, 1263 (S.D. Fla. 2006) (on a factual attack, court considers extrinsic evidence such as testimony or affidavits); and <u>In re Rubber Chemicals Antitrust Litigation</u>, 504 F.Supp.2d 777, 780 (N.D. Calif. 2007) (party converts motion to factual attack by presenting affidavits or evidence properly before the court).

Here, Defendants do not want the Court to consider matters outside the four corners of Plaintiffs' Complaint and in discussing the standard of review, they state that the Court must accept all of the facts alleged in Plaintiffs' Complaint as true and construe them in the light most favorable to Plaintiffs. (<u>Id</u>.)  Therefore, to the extent Defendants are challenging the Court's subject matter jurisdiction, they have made a facial attack.  Accordingly, the Stipulation is not properly considered by the Court and it is hereby STRICKEN.  The Court need not and does not decide whether the Stipulation is barred by Fed.R.Evid. 408.

IT IS SO ORDERED.

DONE AND ORDERED in Orlando, Florida, on February 16, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel

-4-